**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10                    IN THE UNITED STATES DISTRICT COURT

11               FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13    MATTHEW ADAM JAY,                        No. C 06-01795 CW

14              Petitioner,                    ORDER DENYING
                                               RESPONDENT'S
15        v.                                   MOTION TO DISMISS
                                               PETITION FOR WRIT
16    ANTHONY KANE,                            OF HABEAS CORPUS;
                                               STAYING
17              Respondent.                    PETITIONER'S
                                               PETITION; AND
18    _____/        ADMINISTRATIVELY
                                               CLOSING CASE
19

20        On March 8, 2006, Petitioner Matthew Adam Jay, an inmate at

21   the California Training Facility State Prison, filed a petition for

22   a writ of habeas corpus.  Respondent has filed a motion to dismiss

23   for failure to exhaust State remedies.  (Docket No. 13)  Petitioner

24   opposes this motion and, alternatively, asks that the petition be

25   stayed to allow him to exhaust.  Having considered all of the

26   papers filed by the parties, the Court DENIES Respondent's motion

27   and STAYS Jay's petition.

28

**United States District Court**
For the Northern District of California

1

BACKGROUND

2  On March 12, 1987, Petitioner Matthew Adam Jay plead guilty to
3 one count of second degree murder and one count of attempted second
4 degree murder, California Penal Code sections 187 and 664. Jay is
5 in custody and serving a prison term of fifteen years to life.

6  On August 18, 1994, Jay first appeared before a panel of the
7 Board of Parole Hearings (Board) seeking a grant of parole. The
8 panel determined that Jay was unsuitable for parole and denied him
9 parole for one year. Jay appeared at six subsequent parole
10 hearings and was denied parole at each of them. Jay's most recent
11 parole hearing took place in January, 2006.

12  On January 31, 2005, Jay filed a petition for a writ of habeas
13 corpus in the Los Angeles County Superior Court challenging the
14 Board's denial of parole at his sixth parole hearing, which was
15 held on May 5, 2004. The court denied the petition in a reasoned
16 decision on June 1, 2005. (Petitioner's Exh. M.) On October 26,
17 2005, Jay filed a petition for a writ of habeas corpus in the
18 California Court of Appeal. Jay raised thirteen claims in this
19 petition. The Court of Appeal summarily denied the petition.

20  On November 7, 2005, Jay filed in the California Supreme Court
21 a petition for review of the Court of Appeal's decision. In that
22 petition, Jay raised some of the same claims that were raised in
23 his Court of Appeal petition, but failed to raise others. On
24 January 25, 2006, the California Supreme Court summarily denied the
25 petition for review.

26  On March 8, 2006, Jay filed a petition for a writ of habeas
27 corpus with this Court. This Court has identified ten claims

28

2

raised in this petition.  As in all of his previous petitions, Jay is represented by counsel.

On June 14, 2006, Respondent Warden Anthony Kane moved to dismiss this action for failure to exhaust State remedies.  In Jay's federal petition, Respondent identified eight claims that he contends are exhausted and eleven claims that he contends Jay failed to present to the California Supreme Court.

LEGAL STANDARD

Under 28 U.S.C. § 2254(d)(1), a State prisoner may obtain habeas relief with respect to a claim adjudicated on the merits in State court only if the State court adjudication resulted in a decision that was "contrary to" or "involved an unreasonable application of" "clearly established Federal law, as determined by the Supreme Court of the United States." Williams (Terry) v. Taylor, 529 U.S. 362, 402-04, 409 (2000).

"Clearly established federal law, as determined by the Supreme Court of the United States," refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. Although a State court decision may no longer be overturned on habeas review simply because of a conflict with circuit-based law,[1] see Van Trans v. Lindsey, 212 F.3d 1143, 1154 (9th Cir. 2000); Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000); Moore v.

_____

[1]Section 2254(d)(1) is a retrenchment from former practice which allowed the United States courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court.  See Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), rev'd on other grounds, 521 U.S. 320, 323-24 (1997).

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1   Calderon, 108 F.3d 261, 264 (9th Cir. 1997), circuit decisions may

2   still be relevant as persuasive authority to determine whether a

3   particular State court holding is an "unreasonable application" of

4   Supreme Court precedent or to assess what law is "clearly

5   established." Van Tran, 212 F.3d at 1154; Duhaime, 200 F.3d at

6   600.

7                              DISCUSSION

8         Respondent argues that Jay has not exhausted his State

9   remedies because he did not afford the California Supreme Court a

10  fair opportunity to rule on eleven of the claims presented in his

11  federal habeas petition.  Prisoners in State custody who wish to

12  challenge collaterally in federal habeas proceedings either the

13  fact or length of their confinement are first required to exhaust

14  State judicial remedies, either on direct appeal or through

15  collateral proceedings, by presenting the highest State court

16  available with a fair opportunity to rule on the merits of each and

17  every claim they seek to raise in federal court.  28 U.S.C.

18  § 2254(b),(c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987);

19  Rose v. Lundy, 455 U.S. 509, 510 (1982); Duckworth v. Serrano, 454

20  U.S. 1, 3 (1981) (per curiam); McNeeley v. Arave, 842 F.2d 230, 231

21  (9th Cir. 1988).

22        The exhaustion requirement does not demand repetitious

23  application to the State courts; a petitioner need present his

24  claims only once and need exhaust only one avenue of relief.

25  Turner v. Compoy, 827 F.2d 526, 528 (9th Cir. 1987).  The

26  exhaustion requirement is not jurisdictional, but rather a matter

27  of comity.  Granberry, 481 U.S. at 134.  However, State remedies

28                                  4

1   must be exhausted except in unusual circumstances.    Id.

2       Exhaustion requires that a petitioner's claims be fairly

3   presented to the State courts before the federal courts will rule

4   on them, in order to provide the State courts with an opportunity

5   to rule on the merits of the claims.  McQuown v. McCarthy, 795 F.2d

6   807, 809 (9th Cir. 1986).  The legal bases for the claim urged upon

7   the State courts must be "the substantial equivalent" of those

8   relied upon in the federal petition.  Picard v. Connor, 404 U.S.

9   270, 277-78 (1971).  "[M]ere similarity of claims is insufficient

10  to exhaust."  Duncan v. Henry, 513 U.S. 364, 366 (1995).

11      Federal courts should conclude that legal claims are not

12  substantially equivalent and therefore not exhausted if, for

13  example, (1) they arise under different federal constitutional

14  provisions (including different clauses in the same constitutional

15  amendment, e.g. the due process and equal protection clauses of the

16  14th Amendment), Brown v. Cuyler, 669 F.2d 155, 159 (3d Cir. 1982),

17  (2) they arise under the same constitutional provision but are

18  logically distinct or are based on different and unrelated lines of

19  precedent, Anderson v. Harless, 459 U.S. 4, 6 (1982); Hudson v.

20  Rushen, 686 F.2d 826, 830 (9th Cir. 1982), or (3) one claim relies

21  on State law while the other relies on federal law, even if the

22  State and federal provisions relied upon are facially identical,

23  Duncan, 514 U.S. at 366.

24  I.   Dannenberg's effect on federal rights

25      Respondent contends that Jay, in his federal habeas petition,

26  raises the argument that the holding of In re Dannenberg, 34 Cal.

27  4th 1061 (2005) interpreting California Penal Code section 3041 is

28                                  5

a subterfuge to eliminate the federal due process right to parole,
but did not raise that argument in his petition to the California
Supreme Court.  Jay responds that he did not have to raise this
argument because it addresses the AEDPA standard for granting a
State prisoner's habeas petition.  Further, Jay avers that he did
present this argument in his petitions to the California Court of
Appeal and the California Supreme Court.

This argument is now moot.  The Ninth Circuit has held that
Dannenberg did not eliminate the federal due process right to
parole.  Sass v. California Bd. of Prison Terms, 461 F.3d 1123,
1128 (9th Cir. 2006).  Therefore, Jay does not need to present this
argument to the California Supreme Court.

II.  The "some evidence" standard

A parole board's decision must be supported by "some evidence"
to satisfy the requirements of due process.  McQuillion v. Duncan,
306 F.3d 895, 904 (9th Cir. 2002) (adopting "some evidence"
standard for disciplinary hearings outlined in Superintendent v.
Hill, 472 U.S. 445 (1985)); Morales v. California Dep't of
Corrections, 16 F.3d 1001, 1005 (9th Cir. 1994); Jancsek v. Oregon
Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987).  Additionally,
the evidence underlying the board's decision must have some indicia
of reliability.  McQuillion, 306 F.3d at 904; Jancsek, 833 F.2d at
1390.

The court may consider the parole board's decision-making
process over time: "The Parole Board's decision is one of 'equity'
and requires a careful balancing and assessment of the factors

6

considered. . . . A continued reliance in the future on an
unchanging factor . . . runs contrary to the rehabilitative goals
espoused by the prison system and could result in a due process
violation." Biggs v. Terhune, 334 F.3d 910, 916-17 (9th Cir.
2003).

Respondent contends that Jay, in his federal habeas petition,
argues that the Board's decision must be supported by a
preponderance of the evidence and that the State court, in
reviewing the Board's decision, must find that it is supported by
substantial evidence, but that he did not raise this argument in
his petition to the California Supreme Court.  Jay responds that he
raised this argument in his petition to the California Court of
Appeal.  For the reasons discussed above, presenting this argument
only in his petition to the California Court of Appeal is not
sufficient to present it to the California Supreme Court.

Jay again contends that this claim does not require exhaustion
because it addresses the AEDPA standard.  In his federal habeas
petition Jay argues that, under federal law, he has a liberty
interest in parole. (Respondent's Exh. 2 at 39-40.)  Therefore, he
argues, the burden shifts to the State to prove by a preponderance
of the evidence that he would pose a danger to public safety if
released. (Id.)  This argument does not address the AEDPA standard
but rather is an independent argument based on federal
constitutional case law. See Hill, 472 U.S. at 454 (holding that a
parole board's decision revoking a liberty interest must be
supported by "some evidence").  Therefore, Jay must fairly present

United States District Court
For the Northern District of California

this claim to the California Supreme Court before seeking federal relief.  Because he did not, this claim is unexhausted.

III. The constitutionality of the <u>Dannenberg</u> court's "more than the minimum necessary to convict" language

Respondent next contends that Jay, in his federal habeas petition, argues that the <u>Dannenberg</u> court's "more than minimum necessary to convict" language is unconstitutionally vague but did not raise that argument in his petition to the California Supreme Court.  Jay responds that he raised this argument to the California Court of Appeal.  However, for the reasons discussed above, raising this argument in his California Court of Appeal petition is not sufficient to present it to the California Supreme Court.

Jay argues that he fairly presented this argument in his California Supreme Court petition.  However, the discussion in which Jay claims he presented this argument only addresses the unconstitutional vagueness of the parole statute: California Code of Regulations, Title 15, section 2402(c)(1).  (Respondent's Exh. 2 at 21-22.)  It does not address the constitutionality of the <u>Dannenberg</u> court's "more than the minimum necessary to convict" language.  (<u>Id.</u>)  Therefore, this argument was not fairly presented to the California Supreme Court and remains unexhausted.

IV. The need for a finding that an inmate poses an unreasonable risk of committing future violent acts when denying parole

Respondent contends that Jay, in his federal habeas petition, argues that the Board cannot find an inmate unsuitable for parole unless it finds that he poses an unreasonable risk of committing

8

further violent acts, but did not raise that argument in his petition to the California Supreme Court.  Jay argues that he raised this argument in his petition to the California Court of Appeal.  However, for the reasons discussed above, presenting this argument to the Court of Appeal is not sufficient to present it to the California Supreme Court.

Jay also argues that he presented this argument in his petition to the California Supreme Court.  However, in the discussion in which Jay claims he presented this argument, he only argues that California's parole scheme provides that an inmate shall be granted parole absent misconduct after conviction. (Respondent's Exh. 2 at 33.)  Jay did not argue that the parole scheme requires that the inmate shall be released unless he presents an unreasonable risk of committing future violent acts. These are different arguments because the former refers to an inmate's acts while in prison and the latter refers to a prediction of an inmate's acts after released from prison.  Therefore, the latter argument was not fairly presented to the California Supreme Court and remains unexhausted.

V.   Support for the Board's finding that Jay's crime was more than the minimum necessary to convict

Respondent contends that Jay, in his federal habeas petition, argues that the Board's finding that Jay's offense was more than the minimum necessary to convict was unfounded because he was a juvenile, but did not raise that argument in his petition to the California Supreme Court.  Jay responds that this is not a separate

United States District Court

For the Northern District of California

argument but rather is a point supporting his broader argument regarding the lack of evidentiary support for the Board's characterization of his commitment offense as particularly egregious.  Jay contends that he presented this broader argument in his petition to the California Supreme Court.

Jay did present this broader argument in his petition to the California Supreme Court.  (Respondent's Exh. 2. at 21-22.)  He argued that the facts of his commitment offense were less egregious than a "particularly egregious" offense.  (Id.)  Jay argues in his federal habeas petition that his youth at the time of the commitment offense mitigates the egregiousness of his offense. This is a new point in support of the broader argument that was presented to the California Supreme Court.  Therefore, this argument was fairly presented to the California Supreme Court and is exhausted.


VI.  The need for a finding that Jay's crime was more egregious
     than any first degree murder eligible for parole

Respondent contends that Jay, in his federal habeas petition, argues that the Board must find that Jay's commitment offense was more egregious than any first degree murder eligible for parole, but did not raise that argument in his petition to the California Supreme Court.  Jay responds that this is not a separate argument but rather a point supporting his broader argument that he has already served more time than the maximum sentence prescribed in

10

United States District Court

For the Northern District of California

California Penal Code section 3041(a) for crimes of the same gravity as his commitment offense. Jay raised this broader argument in his petition to the California Supreme Court. (Respondent's Exh. 2 at 15-17.) Therefore, this claim was fairly presented to the California Supreme Court and is exhausted.

VII. Evidentiary support for the findings of aggravating factors

Respondent contends that Jay, in his federal habeas petition, argues that the Board's findings were unsubstantiated by evidence of aggravating factors, but did not raise that argument in his petition to the California Supreme Court. Jay responds that this is not a separate argument but rather supports his broader argument that the Board deprived him of his due process rights by denying him parole based on findings that are not supported by relevant and reliable evidence. Jay raised this argument in his petition to the California Supreme Court. (Respondent's Exh. 2 at 19-22.) Therefore, this claim was fairly presented to the California Supreme Court and is exhausted.

VIII. The Board's denial of parole after the first hearing based on factors other than an inmate's unreasonable risk of danger

Respondent contends that Jay, in his federal habeas petition, argues that, after the first parole hearing, the Board can only deny parole if the inmate's behavior in prison poses an unreasonable risk of danger, but did not raise that argument in his petition to the California Supreme Court. However, Jay argued in his petition to the California Supreme Court that, by relying solely on the unchanging facts of the commitment offense, the Board

11

United States District Court

For the Northern District of California

has denied Jay due process.  (Respondent's Exh. 2 at 29-30.)
Although Respondent's memorandum phrases the argument differently,
this is the same argument that Jay makes in his federal habeas
petition in the pages Respondent cites.  (Jay's Memo. at 81-84.)
Therefore, Jay fairly presented this claim to the California
Supreme Court and it is exhausted.

IX.  The Board's consideration of Jay's past substance abuse

        Respondent contends that Jay, in his federal habeas petition,
argues that, under the ADA, the Board cannot deny him parole based
on his past drug addiction, but did not raise that argument in his
petition to the California Supreme Court.  However, Jay does not
raise this as a separate argument but as a point supporting his
broader claim that he meets all of the statutorily prescribed
factors determining suitability for parole other than the nature of
the commitment offense.  Jay raised this broader argument in his
petition to the California Supreme Court.  (Respondent's Exh. 2 at
22-23.)  Therefore, this argument was fairly presented to the
California Supreme Court and is exhausted.

X.  The Board reliance on a counselor's assessment of Jay's
     dangerousness

        Respondent contends that Jay, in his federal habeas petition,
argues that the Board cannot rely on a counselor's assessment of an
inmate's dangerousness in determining parole suitability, but did
not raise that argument in his petition to the California Supreme
Court.  However, Jay does not raise this claim as a separate
argument but as a point supporting his broader claim that he meets

United States District Court

For the Northern District of California

all of the statutory suitability factors for parole. Jay made this broader argument in his petition to the California Supreme Court. (Respondent's Exh. 2 at 22-23.) Therefore, this argument was fairly presented to the California Supreme Court and is exhausted.

XI.  The composition of the Board

Respondent contends that Jay, in his federal habeas petition, argues that the composition of the Board prevents it from providing a fair and impartial hearing, but did not raise that argument in his petition to the California Supreme Court. Jay responds that he raised this argument in his petition to the California Court of Appeal. However, for the reasons discussed above, raising this claim only to the California Court of Appeal is not sufficient to present it to the California Supreme Court. Because Jay did not include this argument in his petition to the California Supreme Court, he did not fairly present it to that court and it remains unexhausted.

XII. Stay and abeyance

Jay requests that, if this Court concludes that any of his claims are unexhausted, his petition be stayed and held in abeyance while he pursues his unexhausted claims in State court. Respondent argues that Jay's petition should not be stayed because he did not show good cause for failing to exhaust all of his claims in the California Supreme Court.

A district court may stay mixed habeas petitions to allow the petitioner to exhaust in State court. Rhines v. Webber, 544 U.S.

13

United States District Court

For the Northern District of California

269, 277-78 (2005).   Prior to staying a mixed petition, a court
need not require that the petitioner delete the unexhausted issues,
as previously required by Ninth Circuit cases.   Jackson v. Roe, 425
F.3d 654, 659-61 (9th Cir. 2005).   Jay's unexhausted claims appear
colorable and there is no indication that Jay is engaging in
delaying tactics.   Accordingly, Jay's request to stay his petition
is granted.   In an abundance of caution, Jay may wish to raise all
of his claims that Respondent now claims are unexhausted in his
petition to the California Supreme Court.

CONCLUSION

For the forgoing reasons, Respondent's motion to dismiss
(Docket No. 13) is DENIED.   Jay's request for a stay is GRANTED.
Jay may instead file an amended petition, eliminating and
abandoning the unexhausted claims.   If he chooses this path, he
must do so within thirty days of the date of this order.   This case
is STAYED to allow Jay to present his unexhausted claims in State
court.   If Jay is not granted relief in State court, he may return
to this Court and ask that the stay be lifted.

The Court orders as follows:

1.   The following claims are unexhausted: (1) that the Board's
decision denying parole must be supported by a preponderance of the
evidence and the State, in reviewing the Board's decision, must
find that substantial evidence supports the decision; (2) that the
Dannenberg court's "more than minimum necessary to convict"
language is unconstitutionally vague; (3) that the Board cannot

14

United States District Court

For the Northern District of California

find an inmate unsuitable for parole without finding that he presents an unreasonable risk for committing future violent acts; and (4) that the composition of the Board prevents it from providing a fair and impartial hearing.

2.  Jay's petition will be held in abeyance until thirty days after the California Supreme Court rules on his State petition. The stay is subject to the following conditions:  (1) Jay shall initiate proceedings to exhaust his remedies in State court within thirty days of the date of this order; (2) Jay must notify this Court within ten days after the California Supreme Court has completed its review of his claims or after it has refused to review his claims; and (3) Jay must file quarterly status reports of his State court habeas proceedings with this Court beginning three months from the date of this order.

The clerk shall administratively close this case.  The closure has no legal effect; it is purely a statistical matter.  The case will be reopened and the stay vacated upon notification by Petitioner in accordance with section (2) above.

IT IS SO ORDERED.

Dated: 10/12/06

_____
CLAUDIA WILKEN
United States District Judge

15

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28