IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ADAM JAY,<br><br>    Petitioner,<br><br>  v.<br><br>ANTHONY KANE,<br><br>    Respondent.                                  / | No. C 06-01795 CW<br><br>ORDER DENYING RESPONDENT'S SECOND REQUEST TO STAY NOVEMBER 12, 2008 ORDER AND JUDGMENT |

    Respondent makes a second request for the Court to stay its November 12, 2008 Order granting Petitioner Matthew Adam Jay's petition for writ of habeas corpus challenging the Board of Parole Hearing's May 5, 2004 decision denying him parole. The Court ordered that, within sixty days of the date of the November 12, 2008 Order, the Board hold a new hearing in accordance with the Order. On December 31, 2008, Respondent filed its first motion to stay the November 12, 2008 Order, pending its appeal to the Ninth Circuit, on the ground that the Board had held a parole hearing on August 12, 2008 and had found Petitioner suitable for parole. Petitioner agreed to a temporary stay reasoning that, if the Governor's review of the Board's decision resulted in an affirmance, the Court's order for the Board to hold another hearing would become moot. On January 9, 2009, the Court issued an Order

1 Granting, in part, Respondent's first request to stay the November
2 12, 2008 Order.  In this Order, the Court granted the stay until
3 February 23, 2009, explaining that, if the Governor reversed the
4 Board's August 12, 2008 grant of parole, the Court would order a
5 new hearing, but if the Governor allowed the Board's decision to
6 stand, the Order for a new hearing would be vacated as moot.

7   On January 14, 2009, Petitioner filed a "Response" to the
8 Court's January 9, 2009 Order asking that Respondent's request for
9 a stay be denied because, on January 6, 2009, the Governor reversed
10 the Board's August 12, 2008 grant of parole.  On January 16, 2009,
11 Respondent filed its second request for a stay arguing that the
12 Court's November 12, 2008 Order was still moot because Petitioner
13 had received a grant of parole from the Board, the only relief the
14 Board could give him.

15   The Governor did not have this Court's Order when he reversed
16 the Board's August 12, 2008 decision.  Therefore, the Court's
17 November 12, 2008 Order is not moot and Respondent's request to
18 stay that Order is DENIED.

19   Respondent requests that the Court allow the Board 110 days
20 from the date of its Order to hold a new parole hearing so that it
21 can give the ninety-day notice to victims required by California
22 Penal Code § 3043(a)(1).[1]  Petitioner requests that the Court order
23 that the hearing take place sixty days from January 6, 2009, the
24 date the Governor reversed the parole grant.  The Court orders that

---

[1] California Penal Code § 3043(a)(1), enacted by referendum on November 4, 2008, provides that, upon request, notice of a hearing on parole suitability shall be sent to the victim of any crime committed by the prisoner, or to the next of kin of the victim if the victim has died, at least ninety days before the hearing. Prior to November 4, 2008, thirty days notice was required.

2

the Board hold a new parole hearing within 110 days of the date of this Order and re-evaluate Petitioner's suitability for parole in accordance with the November 12, 2008 Order.  The Court retains jurisdiction to review compliance with its order.  If the Board finds Petitioner suitable for parole and the Governor does not reverse that decision, Respondent may again move for a stay.

    IT IS SO ORDERED.

Dated: 2/3/09

                              CLAUDIA WILKEN
                              United States District Judge